# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2992

**Caption [use short title]**

**Motion for:** To be relieved as counsel

Set forth below precise, complete statement of relief sought:

Motion to be relieved as counsel in connection with filing of Anders Brief

**U.S. V MICHAEL LIBURD**

**MOVING PARTY:** Michael Liburd  
**OPPOSING PARTY:** United States of America

☐ Plaintiff ☐ Defendant  
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Paul J. Angioletti  
**OPPOSING ATTORNEY:** Lindsey Oken

[name of attorney, with firm, address, phone number and e-mail]

Law Office of Paul J. Angioletti  
38 Forest Road, Staten Island, NY 10304  
(718) 351-5244 pangioletti@hotmail.com

Lindsey Oken  
US Attorney's Office EDNY. 271 Cadman Plaza E, Brooklyn NY 11201  
(718) 254-6156 lindsey.oken@usdoj.gov

**Court- Judge/ Agency appealed from:** Hon. Edward R. Korman, USDJ, EDNY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):  
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:  
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:  
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No  
Has this relief been previously sought in this court? ☐ Yes ☐ No  
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/S/ Paul J. Angioletti  **Date:** 8/2/2022  **Service by:** ☑ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**----------------------------------X**

**UNITED STATES OF AMERICA,**          :

      **Appellee,**           :

        **-against-**         : **Docket No. 21-2992-cr**

                        :

**MICHAEL LIBURD,**

                        :          <u>**DECLARATION**</u>

      **Defendant-Appellant.**

**----------------------------------X**

     PAUL J. ANGIOLETTI, pursuant to Title 28, United States Code § 1746, hereby declares and states:

     1.  I am an attorney duly admitted to practice law before the United States Court of Appeals for the Second Circuit; I am the attorney for Defendant-Appellant Michael Liburd in the above-captioned appeal, having been appointed to represent him under the Criminal Justice Act by this Court's Order of December 21, 2021.

     2. Defendant-Appellant Michael Liburd is appealing from the final appealable Judgment of the United States District Court for the Eastern District of New York (Hon. Edward R. Korman, U.S.D.J.),entered on December 1, 2021 and amended on December 8, 2021, convicting him upon plea of guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to Racketeering Conspiracy in

violation of 18 U.S.C. §§ 1962 (d), 1963 and 3551, and sentencing him to a prison term of 384 months, a five-year term of supervised release, and a $100 special assessment. Timely notice of appeal was filed on November 30, 2021. By order dated December 21, 2021, this Court appointed the undersigned as counsel for defendant-appellant pursuant to the Criminal Justice Act.

3. On December 29, 2021, the United States Attorney for the Eastern District of New York filed a motion to dismiss Liburd's appeal based on the appellate waiver in his plea agreement. On that date, this Court ordered appellant's counsel to file a response complying with <u>United States v. Gomez-Perez</u>, 215 F.3d 315 (2d Cir. 2000).

4. I make this affirmation in support of my motion to be relieved as Appellant's counsel.

5. I filed with this Court on July 28, 2022 a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).

6. Since my appointment to represent Mr. Liburd, I have thoroughly reviewed the plea and sentence minutes, plea agreement and sentencing submissions of the parties. Because this case has a protracted history dating back to 2017 (with a district court docket reflecting 379 entries), I also ordered and reviewed 13 other transcripts of various proceedings prior to the instant guilty plea.

7. As detailed in the <u>Anders</u> brief, I have reached the following conclusions:

- that Mr. Liburd's waiver of his right to appeal is valid and enforceable;
- that his plea complied with the requirements of Rule 11;
- that there is no issue concerning ineffective assistance of counsel (which is exempted from the appellate waiver) where the plea agreement allowed Liburd to avoid a potential life sentence and where defense counsel's sentencing advocacy resulted in a sentence at the bottom of the range in the plea agreement;
- that the district court properly handled Liburd's complaints about his attorney by bringing in a second attorney to give Liburd a "second opinion" about the plea agreement;
- that the district court did not err in sentencing Liburd without an updated presentence report where the information in the record enabled it to meaningfully exercise its sentencing authority as per Fed. R. Crim. P. 32 (c) (1) (A);
- that there is no nonfrivolous issue concerning procedural or substantive reasonableness.

8. I have informed Ms. Liburd by letter of the fact that I am filing an <u>Anders</u> brief, that this will probably result in a dismissal of the appeal and affirmance of his conviction, that he may request assistance of other counsel or submit a <u>pro se</u>

responsive brief arguing that there are meritorious issues, and that if he intends to file a responsive brief, he must notify the Court in writing within 14 days of the receipt of the <u>Anders</u> brief, setting forth the date by which the brief will be filed, and that he must select a filing date within 91 days of the receipt of the <u>Anders</u> brief. [<u>See</u> Letter annexed hereto as Exhibit A]. I have served by priority mail on Ms. Liburd a copy of the <u>Anders</u> brief and the instant motion to be relieved. I have previously sent to him a copy of the government's motion to dismiss the appeal, and copies of the judgment, plea agreement, guilty plea and sentence.

9. I therefore request that I be relieved as appellant's counsel.

10. On July 27, 2022, I contacted Assistant United States Attorney Lindsey Oken; she informs me that her office takes no position on the motion and that her office will not file a reply.

11. I declare that the foregoing is true and correct, in accordance with 28 U.S.C. § 1746.

/s/ Paul J. Angioletti
_____
PAUL J. ANGIOLETTI

Dated: Staten Island, NY
      July 30, 2022

```
To:   Clerk
      United States Court of Appeals for the Second Circuit
      40 Centre Street
      New York, NY 10007

      Lindsay Oken
      Assistant United States Attorney
      Eastern District of New York
      271 Cadman Plaza East
      Brooklyn, NY 11201

      Mr. Michael Liburd
      Register # 90068-053
      FCI Williamsburg
      Federal Correctional Institution
      P.O. Box 340
      Salters, SC 29590
```

# EXHIBIT A

**(Letter to Defendant Re Filing of <u>Anders</u> Brief)**

**PAUL J. ANGIOLETTI**
Atto rney at Law
38 Forest Road
Staten Island, NY 10304
(718) 351-5244

August 1, 2022

Mr. Michael Liburd
Register # 90068-053
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

Dear Mr. Liburd:

Since I have been assigned to represent you, I have carefully reviewed the minutes of your plea and sentence, as well as numerous other transcripts and documents in your case. I have also researched all potential issues. I have concluded that the appellate waiver in your plea agreement is valid, and that there are no non-frivolous issues which can be raised on your appeal. When this happens, the procedure that the law requires me to follow is to file a brief, which is called an "Anders brief" [Anders v. California, 386 U.S. 738 (1967)], informing the court of my conclusions, and asking to be relieved as your appellate attorney.

I have examined several potential issues, and wanted to summarize for you what I found when I looked at them; more detailed explanations are contained in the brief, a copy of which is enclosed.

First, as part of your plea agreement, you waived your right to appeal if the sentence imposed was 420 months or less; the sentence the district court imposed was 384 months; the judge pointed out that you were waiving your right to appeal at the time of the entry of your plea, and you said on the record that you understood this. The Second Circuit Court of Appeals has held that such waivers are enforceable as long as they are knowing and voluntary, which yours appears to be.

Second, Rule 11 of the Federal Rules of Criminal Procedure sets forth what the court must ask when a defendant enters a guilty plea; the court asked you the questions that it was required to ask, and established that your plea was entered knowingly, intelligently, and voluntarily, and that there was a factual basis

<u>Mr. Michael Liburd/August 1,2022/page 2</u>

for it.

Third, the one issue which survives your waiver of is a claim of ineffective assistance of counsel. However, an examination of your case reveals that your attorney was not ineffective. Because of your misreading of the law, you wanted to plead guilty without a plea agreement Count 5, Murder in Aid of Racketeering [18 U.S.C. § 1959 (a) (1) and 3551], and not face that statute's mandatory life sentence. Your attorney was able to get a plea agreement with a sentencing range of from 384 to 420 months. Further, he was able to convince the court to impose a sentence at the bottom of the plea agreement's range.

When you complained to the court about your attorney on the day before your plea and said that you would be better off going <u>pro se</u>, the court suggested that it could bring in a second attorney to give you a second opinion concerning the plea agreement. You accepted the court's suggestion, and subsequently pleaded guilty under the plea agreement.

Fourth, the court did not err in sentencing you without an updated presentence report. When the court was discussing obtaining a presentence report at the conclusion of your plea proceeding, your attorney said that you wanted to be sentenced as soon as possible. The court said that it believed it could proceed without a presentence report under Fed. R. Crim. P. (c) (1) (A) if it found that the information in the record enabled it to meaningfully exercise its sentencing authority under Section 18 U.S.C. 3553 and it explained the reasons for its finding on the record. The court's understanding of Fed. R. Crim. P. 32 (c) (1) (A) was correct. The information in the record included the presentence report from your previous case, the government and defense sentencing submissions, a mitigation report prepared for your earlier case, and a new guidelines calculation prepared by the probation department.

Fifth, there is no error in the way in which the court imposed the sentence, which is called "procedural reasonableness". The district court reviewed all relevant documents and gave you the opportunity to speak at sentencing. In terms of the length of the sentence, the court explained why it was imposing the sentence. The court gave you the lowest possible sentence under the plea agreement.

**Mr. Michael Liburd/August 1,2022/page 3**

The filing of the <u>Anders</u> brief will probably result in a dismissal of the appeal and affirmance of your conviction. You may request from the Second Circuit Court of Appeals assistance of other counsel or you may submit <u>pro se</u> response papers, that is, papers that you draw up on your own. You have an automatic right to submit a <u>pro se</u> responsive brief arguing that there are meritorious issues. If you intend to file a responsive brief, you must notify the Court in writing within 14 days of the receipt of the <u>Anders</u> brief, setting forth the date by which the brief will be filed; you must select a filing date within 91 days of the receipt of the <u>Anders</u> brief.

Your letter should be addressed to:

Clerk
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

I am sorry that my review of the case did not reveal any issues which could be raised on your appeal. Unfortunately, as appellate lawyers we cannot change what is in the record.

Yours truly,

Paul J. Angioletti

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
---------------------------------X

UNITED STATES OF AMERICA,          :

          Appellee,                :

               -against-           : Docket No. 21-2992

                                   :
MICHAEL LIBURD,
                                   :    CERTIFICATE OF SERVICE

          Defendant-Appellant.     :

---------------------------------X
```

    PAUL J. ANGIOLETTI, being the attorney for MICHAEL LIBURD, Defendant-Appellant herein, hereby certifies that on August 2, 2022, he caused a copy of the foregoing <u>Anders</u> Motion to be Relieved be served by priority mail in a prepaid properly addressed wrapper in a Post Office mail depository under the exclusive custody and care of the United States Postal Service within the State of New York on the following:

Mr. Michael Liburd  
Register # 90068-053  
FCI Williamsburg  
Federal Correctional Institution  
P.O. Box 340  
Salters, SC 29590

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on: August 2, 2022  
           Staten Island, NY    /s/ Paul J. Angioletti

                                            _____  
                                            PAUL J. ANGIOLETTI  
                                            Attorney for Defendant-Appellant MICHAEL LIBURD  
                                            38 Forest Road  
                                            Staten Island, N.Y. 10304  
                                            (718) 351-5244